Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CARLOS GUAJARDO, HAROLD MANUEL BAEZ, LENNY
VILLAO, PRUDENCIO CASTILLO, STEVAN VILLALBA,
WILSON RADHAMES DIAZ, SENEN MORA, BILLY
BUITRAGO, REYNALDO HERNANDEZ, NILTON
GONZALES, ROGELIO RAMIREZ, MILTON MORA,
DANIEL ERASTO MARTINEZ, and EUGENIO GONZALEZ,
individually and on behalf of all others similarly situated,

**COLLECTIVE ACTION
COMPLAINT**

                                    Plaintiffs,

**JURY TRIAL
REQUESTED**

        -against-

TITAN CONSTRUCTION SERVICES LLC, and ERIC
MERCADO and JOSE GARCIA, as individuals,

                                    Defendants.

---------------------------------------------------------------------X

1. Plaintiffs, **CARLOS GUAJARDO, HAROLD MANUEL BAEZ, LENNY
   VILLAO, PRUDENCIO CASTILLO, STEVAN VILLALBA, WILSON
   RADHAMES DIAZ, SENEN MORA, BILLY BUITRAGO, REYNALDO
   HERNANDEZ, NILTON GONZALES, ROGELIO RAMIREZ, MILTON
   MORA, DANIEL ERASTO MARTINEZ, and EUGENIO GONZALEZ**,
   individually and on behalf of all others similarly situated, (hereinafter referred to as
   "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon
   personal knowledge as to themselves and upon information and belief as to other
   matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **CARLOS GUAJARDO, HAROLD MANUEL BAEZ, LENNY VILLAO, PRUDENCIO CASTILLO, STEVAN VILLALBA, WILSON RADHAMES DIAZ, SENEN MORA, BILLY BUITRAGO, REYNALDO HERNANDEZ, NILTON GONZALES, ROGELIO RAMIREZ, MILTON MORA, DANIEL ERASTO MARTINEZ, and EUGENIO GONZALEZ**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **TITAN CONSTRUCTION SERVICES LLC, and ERIC MERCADO and JOSE GARCIA,** as individuals, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at TITAN CONSTRUCTION SERVICES LLC located at 153 West 27th Street, Suite 403, New York, New York 10001.

3. Plaintiff CARLOS GUAJARDO was employed by Defendants from in or around July 2018 until in or around August 2018.

4. Plaintiff HAROLD MANUEL BAEZ was employed by Defendants from in or around July 2018 until in or around August 2018.

5. Plaintiff LENNY VILLAO was employed by Defendants from in or around July 2018 until in or around August 2018.

6. Plaintiff PRUDENCIO CASTILLO was employed by Defendants from in or around July 2018 until in or around August 2018.

7. Plaintiff STEVAN VILLALBA was employed by Defendants from in or around July 2018 until in or around August 2018.

8. Plaintiff WILSON RADHAMES DIAZ was employed by Defendants from in or around July 2018 until in or around August 2018.

9. Plaintiff SENEN MORA was employed by Defendants from in or around July 2018 until in or around August 2018.

10. Plaintiff BILLY BUITRAGO was employed by Defendants from in or around June 2018 until in or around July 2018.

11. Plaintiff REYNALDO HERNANDEZ was employed by Defendants in or around July 2018.

2

12. Plaintiff NILTON GONZALES was employed by Defendants in or around August 2018.

13. Plaintiff ROGELIO RAMIREZ was employed by Defendants from in or around July 2018 until in or around August 2018.

14. Plaintiff MILTON MORA was employed by Defendants from in or around July 2018 until in or around August 2018.

15. Plaintiff DANIEL ERASTO MARTINEZ was employed by Defendants from in or around June 2018 until in or around July 2018.

16. Plaintiff EUGENIO GONZALEZ was employed by Defendants from in or around May 2018 until in or around August 2018.

17. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

19. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

20. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

21. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

22. Plaintiff CARLOS GUAJARDO resides at 99-04 57th Avenue, Flushing, New York 11368, and was employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

3

23. Plaintiff HAROLD MANUEL BAEZ resides at 104 Glenn Ct., Farmingdale, New York 11735, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

24. Plaintiff LENNY VILLAO resides at 85-11 34th Avenue, Jackson Heights, New York 11372, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

25. Plaintiff PRUDENCIO CASTILLO resides at 108-34 43rd Avenue, Corona, New York 11368, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

26. Plaintiff STEVAN VILLALBA resides at 64 Village North Road, Brooklyn, New York 11223, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

27. Plaintiff WILSON RADHAMES DIAZ resides at 40 Richman Plaza, Bronx, New York 10453, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

28. Plaintiff SENEN MORA resides at 120 West 91st Street, New York, New York 10024, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

29. Plaintiff BILLY BUITRAGO resides at 139-81 35th Avenue, Flushing, New York 11354, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around June 2018 until in or around July 2018.

30. Plaintiff REYNALDO HERNANDEZ resides at 140 Debs Place, Bronx, New York 10475, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC in or around July 2018.

31. Plaintiff NILTON GONZALES resides at 57-29 69th Place, Maspeth, New York 11373, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC in or around August 2018.

32. Plaintiff ROGELIO RAMIREZ resides at 27-43 Terrace Street, Bronx, New York 10464, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

33. Plaintiff MILTON MORA resides at 610 West 140th Street, New York, New York 10031, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around July 2018 until in or around August 2018.

34. Plaintiff DANIEL ERASTO MARTINEZ resides at 35-08 92nd Street, Elmhurst, New York 11373, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around June 2018 until in or around July 2018.

35. Plaintiff EUGENIO GONZALEZ resides at 40 Richman Plaza, Bronx, New York 10453, and has been employed by Defendants at TITAN CONSTRUCTION SERVICES LLC from in or around May 2018 until in or around August 2018.

36. Upon information and belief, Defendant, TITAN CONSTRUCTION SERVICES LLC, is a corporation organized under the laws of New York with a principal executive office at 153 West 27th Street, Suite 403, New York, New York 10001.

37. Upon information and belief, Defendant, TITAN CONSTRUCTION SERVICES LLC, is a corporation authorized to do business under the laws of New York.

38. Upon information and belief, Defendant ERIC MERCADO owns and/or operates TITAN CONSTRUCTION SERVICES LLC.

39. Upon information and belief, Defendant ERIC MERCADO is the Chairman of the Board of TITAN CONSTRUCTION SERVICES LLC.

40. Upon information and belief, Defendant ERIC MERCADO is the Chief Executive Officer of TITAN CONSTRUCTION SERVICES LLC.

41. Upon information and belief, Defendant ERIC MERCADO is an agent of TITAN CONSTRUCTION SERVICES LLC.

42. Upon information and belief, Defendant ERIC MERCADO has power over personnel decisions at TITAN CONSTRUCTION SERVICES LLC.

43. Upon information and belief, Defendant ERIC MERCADO has power over payroll decisions at TITAN CONSTRUCTION SERVICES LLC.

44. Defendant ERIC MERCADO has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at TITAN CONSTRUCTION SERVICES LLC.

45. During all relevant times herein, Defendant ERIC MERCADO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

46. Upon information and belief, Defendant JOSE GARCIA owns and/or operates TITAN CONSTRUCTION SERVICES LLC.

47. Upon information and belief, Defendant JOSE GARCIA is the Chairman of the Board of TITAN CONSTRUCTION SERVICES LLC.

48. Upon information and belief, Defendant JOSE GARCIA is the Chief Executive Officer of TITAN CONSTRUCTION SERVICES LLC.

49. Upon information and belief, Defendant JOSE GARCIA is an agent of TITAN CONSTRUCTION SERVICES LLC.

50. Upon information and belief, Defendant JOSE GARCIA has power over personnel decisions at TITAN CONSTRUCTION SERVICES LLC.

51. Upon information and belief, Defendant JOSE GARCIA has power over payroll decisions at TITAN CONSTRUCTION SERVICES LLC.

52. Defendant JOSE GARCIA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at TITAN CONSTRUCTION SERVICES LLC.

53. During all relevant times herein, Defendant JOSE GARCIA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

54. On information and belief, TITAN CONSTRUCTION SERVICES LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

55. Plaintiff CARLOS GUAJARDO was employed by Defendants from in or around July 2018 until in or around August 2018.

56. During Plaintiff CARLOS GUAJARDO'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a roofer and general laborer, and

performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

57. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

58. Plaintiff CARLOS GUAJARDO was informed by Defendants that he would be paid $150.00 per day from in or around July 2018 until in or around August 2018.

59. Defendants illegally withheld pay from Plaintiff CARLOS GUAJARDO during his employment by Defendants.

60. Plaintiff CARLOS GUAJARDO was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

61. Therefore, Defendants failed to pay Plaintiff CARLOS GUAJARDO the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

62. Furthermore, although Plaintiff CARLOS GUAJARDO worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

63. Plaintiff HAROLD MANUEL BAEZ was employed by Defendants from in or around July 2018 until in or around August 2018.

64. During Plaintiff HAROLD MANUEL BAEZ'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a demolition worker and general laborer, and performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

65. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

66. Plaintiff HAROLD MANUEL BAEZ was informed by Defendants that he would be paid $20.00 per hour from in or around July 2018 until in or around August 2018.

67. Defendants illegally withheld pay from Plaintiff HAROLD MANUEL BAEZ during his employment by Defendants.

68. Plaintiff HAROLD MANUEL BAEZ was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

69. Therefore, Defendants failed to pay Plaintiff HAROLD MANUEL BAEZ the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

70. Furthermore, although Plaintiff HAROLD MANUEL BAEZ worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

71. Plaintiff LENNY VILLAO was employed by Defendants from in or around July 2018 until in or around August 2018.

72. During Plaintiff LENNY VILLAO'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a roofer and general laborer, and performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

73. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

74. Plaintiff LENNY VILLAO was informed by Defendants that he would be paid $20.00 per hour from in or around July 2018 until in or around August 2018.

75. Defendants illegally withheld pay from Plaintiff LENNY VILLAO during his employment by Defendants.

76. Plaintiff LENNY VILLAO was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

77. Therefore, Defendants failed to pay Plaintiff LENNY VILLAO the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

78. Furthermore, although Plaintiff LENNY VILLAO worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

79. Plaintiff PRUDENCIO CASTILLO was employed by Defendants from in or around July 2018 until in or around August 2018.

80. During Plaintiff PRUDENICO CASTILLO'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a painter and general laborer, and performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

81. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

82. Plaintiff PRUDENCIO CASTILLO was informed by Defendants that he would be paid $160.00 per day from in or around July 2018 until in or around August 2018.

83. Defendants illegally withheld pay from Plaintiff PRUDENCIO CASTILLO during his employment by Defendants.

84. Plaintiff PRUDENCIO CASTILLO was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

85. Therefore, Defendants failed to pay Plaintiff PRUDENCIO CASTILLO the legally prescribed minimum wage for his hours worked from in or around July 2018 until in

or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

86. Furthermore, although Plaintiff PRUDENCIO CASTILLO worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

87. Plaintiff STEVAN VILLALBA was employed by Defendants from in or around July 2018 until in or around August 2018.

88. During Plaintiff STEVAN VILLALBA'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a general laborer, and performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

89. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

90. Plaintiff STEVAN VILLALBA was informed by Defendants that he would be paid $25.00 per hour from in or around July 2018 until in or around August 2018.

91. Defendants illegally withheld pay from Plaintiff STEVAN VILLALBA during his employment by Defendants.

92. Plaintiff STEVAN VILLALBA was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

93. Therefore, Defendants failed to pay Plaintiff STEVAN VILLALBA the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

94. Furthermore, although Plaintiff STEVAN VILLALBA worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay

Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

95. Plaintiff WILSON RADHAMES DIAZ was employed by Defendants from in or around July 2018 until in or around August 2018.

96. During Plaintiff WILSON RADHAMES DIAZ'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a general laborer, and performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

97. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

98. Plaintiff WILSON RADHAMES DIAZ was informed by Defendants that he would be paid $15.00 per hour from in or around July 2018 until in or around August 2018.

99. Defendants illegally withheld pay from Plaintiff WILSON RADHAMES DIAZ during his employment by Defendants.

100. Plaintiff WILSON RADHAMES DIAZ was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

101. Therefore, Defendants failed to pay Plaintiff WILSON RADHAMES DIAZ the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

102. Furthermore, although Plaintiff WILSON RADHAMES DIAZ worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

103. Plaintiff SENEN MORA was employed by Defendants in or around July 2018.

**104.** During Plaintiff SENEN MORA'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a general laborer, and performing other miscellaneous duties in or around July 2018.

**105.** Plaintiff worked approximately sixty-three (63) hours or more per week during his employment by Defendants in or around July 2018.

**106.** Plaintiff SENEN MORA was informed by Defendants that he would be paid $150.00 per day in or around July 2018.

**107.** Defendants illegally withheld pay from Plaintiff SENEN MORA during his employment by Defendants.

**108.** Plaintiff SENEN MORA was not compensated at all for the entirety of his employment by Defendants in or around July 2018.

**109.** Therefore, Defendants failed to pay Plaintiff SENEN MORA the legally prescribed minimum wage for his hours worked in or around July 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

**110.** Furthermore, although Plaintiff SENEN MORA worked approximately sixty-three (63) hours or more per week during the period of his employment by Defendants in or around July 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**111.** Plaintiff BILLY BUITRAGO was employed by Defendants from in or around June 2018 until in or around July 2018.

**112.** During Plaintiff BILLY BUITRAGO'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a general laborer, and performing other miscellaneous duties from in or around June 2018 until in or around July 2018.

**113.** Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around June 2018 until in or around July 2018.

**114.** Plaintiff BILLY BUITRAGO was informed by Defendants that he would be paid $24.00 per hour from in or around June 2018 until in or around July 2018.

**115.** Defendants illegally withheld pay from Plaintiff BILLY BUITRAGO during his employment by Defendants.

116. Plaintiff BILLY BUITRAGO was not compensated at all for the entirety of his employment by Defendants from in or around June 2018 until in or around July 2018.

117. Therefore, Defendants failed to pay Plaintiff BILLY BUITRAGO the legally prescribed minimum wage for his hours worked from in or around June 2018 until in or around July 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

118. Furthermore, although Plaintiff BILLY BUITRAGO worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around June 2018 until in or around July 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

119. Plaintiff REYNALDO HERNANDEZ was employed by Defendants in or around July 2018.

120. During Plaintiff REYNALDO HERNANDEZ'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a general laborer, and performing other miscellaneous duties in or around July 2018.

121. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants in or around July 2018.

122. Plaintiff REYNALDO HERNANDEZ was informed by Defendants that he would be paid $15.00 per hour in or around July 2018.

123. Defendants illegally withheld pay from Plaintiff REYNALDO HERNANDEZ during his employment by Defendants.

124. Plaintiff REYNALDO HERNANDEZ was not compensated at all for the entirety of his employment by Defendants in or around July 2018.

125. Therefore, Defendants failed to pay Plaintiff REYNALDO HERNANDEZ the legally prescribed minimum wage for his hours worked in or around July 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

126. Furthermore, although Plaintiff REYNALDO HERNANDEZ worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants in or around July 2018, Defendants did not pay Plaintiff time and a half

(1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

127. Plaintiff NILTON GONZALES was employed by Defendants in or around August 2018.

128. During Plaintiff NILTON GONZALES' employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a roofer and general laborer, and performing other miscellaneous duties in or around August 2018.

129. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants in or around August 2018.

130. Plaintiff NILTON GONZALES was informed by Defendants that he would be paid $200.00 per day in or around August 2018.

131. Defendants illegally withheld pay from Plaintiff NILTON GONZALES during his employment by Defendants.

132. Plaintiff NILTON GONZALES was not compensated at all for the entirety of his employment by Defendants in or around August 2018.

133. Therefore, Defendants failed to pay Plaintiff NILTON GONZALES the legally prescribed minimum wage for his hours worked in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

134. Furthermore, although Plaintiff NILTON GONZALES worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

135. Plaintiff ROGELIO RAMIREZ was employed by Defendants from in or around July 2018 until in or around August 2018.

136. During Plaintiff ROGELIO RAMIREZ'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a general laborer, and performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

137. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

138. Plaintiff ROGELIO RAMIREZ was informed by Defendants that he would be paid $120.00 per day from in or around July 2018 until in or around August 2018.

139. Defendants illegally withheld pay from Plaintiff ROGELIO RAMIREZ during his employment by Defendants.

140. Plaintiff ROGELIO RAMIREZ was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

141. Therefore, Defendants failed to pay Plaintiff ROGELIO RAMIREZ the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

142. Furthermore, although Plaintiff ROGELIO RAMIREZ worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

143. Plaintiff MILTON MORA was employed by Defendants from in or around July 2018 until in or around August 2018.

144. During Plaintiff MILTON MORA'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a general laborer, and performing other miscellaneous duties from in or around July 2018 until in or around August 2018.

145. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around July 2018 until in or around August 2018.

146. Plaintiff MILTON MORA was informed by Defendants that he would be paid $150.00 per day from in or around July 2018 until in or around August 2018.

147. Defendants illegally withheld pay from Plaintiff MILTON MORA during his employment by Defendants.

148. Plaintiff MILTON MORA was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

149. Therefore, Defendants failed to pay Plaintiff MILTON MORA the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

150. Furthermore, although Plaintiff MILTON MORA worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

151. Plaintiff DANIEL ERASTO MARTINEZ was employed by Defendants from in or around June 2018 until in or around July 2018.

152. During Plaintiff DANIEL ERASTO MARTINEZ'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a demolition worker and general laborer, and performing other miscellaneous duties from in or around June 2018 until in or around July 2018.

153. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around June 2018 until in or around July 2018.

154. Plaintiff DANIEL ERASTO MARTINEZ was informed by Defendants that he would be paid $180.00 per day from in or around June 2018 until in or around July 2018.

155. Defendants illegally withheld pay from Plaintiff DANIEL ERASTO MARTINEZ during his employment by Defendants.

156. Plaintiff DANIEL ERASTO MARTINEZ was not compensated at all for the entirety of his employment by Defendants from in or around June 2018 until in or around July 2018.

157. Therefore, Defendants failed to pay Plaintiff DANIEL ERASTO MARTINEZ the legally prescribed minimum wage for his hours worked from in or around June 2018 until in or around July 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

158. Furthermore, although Plaintiff DANIEL ERASTO MARTINEZ worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around June 2018 until in or around July 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

159. Plaintiff EUGENIO GONZALEZ was employed by Defendants from in or around May 2018 until in or around August 2018.

160. During Plaintiff EUGENIO GONZALEZ'S employment by Defendants at TITAN CONSTRUCTION SERVICES LLC, Plaintiff was a painter and general laborer, and performing other miscellaneous duties from in or around May 2018 until in or around August 2018.

161. Plaintiff worked approximately forty-five (45) hours or more per week during his employment by Defendants from in or around May 2018 until in or around August 2018.

162. Plaintiff EUGENIO GONZALEZ was paid by Defendants $200.00 per day from in or around May 2018 until in or around June 2018.

163. Plaintiff EUGENIO GONZALEZ was informed by Defendants that he would be paid $200.00 per day from in or around July 2018 until in or around August 2018.

164. Defendants illegally withheld pay from Plaintiff EUGENIO GONZALEZ during his employment by Defendants.

165. Plaintiff EUGENIO GONZALEZ was not compensated at all for the entirety of his employment by Defendants from in or around July 2018 until in or around August 2018.

166. Therefore, Defendants failed to pay Plaintiff EUGENIO GONZALEZ the legally prescribed minimum wage for his hours worked from in or around July 2018 until in or around August 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

167. Furthermore, although Plaintiff EUGENIO GONZALEZ worked approximately forty-five (45) hours or more per week during the period of his employment by Defendants from in or around May 2018 until in or around August 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

168. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

169. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

170. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

171. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

172. Collective Class: All persons who are or have been employed by the Defendants as painters, demolition workers, general laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

173. Upon information and belief, Defendants employed more than 150 employees within the past three years subjected to similar payment structures.

174. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

175.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

176.    Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

177.    Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

178.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.    There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

179.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

180.    The claims of Plaintiffs are typical of the claims of the putative class.

181.    Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

182.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

183.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

184.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

185.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

186.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

187.    Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

188.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

189.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION
**Overtime Wages Under New York Labor Law**

190.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

191.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

192.    Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

193.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

194.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

195.    Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

196.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

197.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

198.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

199.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

200.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

201.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

202.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

203.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

204.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

205.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

206.    Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

207.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

208.    Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

209.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

210.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

211.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

212.    At all times relevant to this action, Defendants were employers within the meaning of NYLL.

213.    Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

214.    Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

215.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

216.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

217.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

218.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## EIGTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

219.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

220.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

221.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b.   Awarding Plaintiffs unpaid overtime wages;

c.   Awarding Plaintiffs unpaid wages;

d.   Awarding Plaintiffs unpaid minimum wages;

e.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f.   Awarding Plaintiffs prejudgment and post-judgment interest;

g.   Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

h.   Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This _19_ day of February 2019.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS GUAJARDO, HAROLD MANUEL BAEZ, LENNY VILLAO, PRUDENCIO
CASTILLO, STEVAN VILLALBA, WILSON RADHAMES DIAZ, SENEN MORA, BILLY
BUITRAGO, REYNALDO HERNANDEZ, NILTON GONZALES, ROGELIO RAMIREZ,
MILTON MORA, DANIEL ERASTO MARTINEZ, and EUGENIO GONZALEZ, individually
and on behalf of all others similarly situated,

Plaintiffs,

-against-

TITAN CONSTRUCTION SERVICES LLC, and ERIC MERCADO and JOSE GARCIA, as
individuals,

Defendants.

COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

TITAN CONSTRUCTION SERVICES LLC
153 West 27th Street, Suite 403
New York, New York 10001

ERIC MERCADO
153 West 27th Street, Suite 403
New York, New York 10001

JOSE GARCIA
153 West 27th Street, Suite 403
New York, New York 10001