## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, Carlos Guajardo ("Guajardo"), Harold Manuel Baez ("Baez"), Lenny Villao ("Villao"), Prudencio Castillo ("Castillo"), Stevan Villalba ("Villalba"), Wilson Radhames Diaz ("Diaz"), Senen Mora ("S. Mora"), Billy Buitrago ("Buitrago"), Reynaldo Hernandez ("Hernandez"), Nilton Gonzales ("Gonzales"), Rogelio Ramirez ("Ramirez"), Milton Mora ("M. Mora"), Daniel Erasto Martinez ("Martinez"), and Eugenio Gonzalez ("Gonzalez") (Guajardo, Baez, Villao, Castillo, Villalba, Diaz, S. Mora, Buitrago, Hernandez, Gonzales, Ramirez, M. Mora, Martinez, and Gonzalez are collectively referred to herein as "Plaintiffs" and individually referred to herein as "Plaintiff") have alleged that Titan Construction Services LLC, ("Titan"), Vivi NY Corp. ("Vivi"), Eric Mercado ("Mercado"), Juan Garcia incorrectly sued as Jose Garcia ("J. Garcia"), and Abimael Garcia ("Garcia") (Titan, Vivi, Mercado, J. Garcia, and Garcia are collectively referred to herein as "Defendants"), have violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), with respect to the payment of Plaintiffs' wages;

**WHEREAS**, a collective action complaint was filed against Titan, Mercado, and J. Garcia on February 19, 2019, in the United States District Court for the Southern District of New York (the "Court"), bearing Docket No. 19-cv-1551 (GHW) (the "Action");

**WHEREAS**, on April 16, 2019, Plaintiffs filed an Amended Complaint including Vivi and Garcia into the Action;

**WHEREAS**, Defendants have denied, and continue to deny Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, Plaintiffs and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiffs have against Defendants, or may have against Defendants, arising under the Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and any other statute or ordinance governing the payment of wages by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, on July 31, 2019, the Parties and their counsels attended court mandated mediation related to the Action, negotiated extensively and in good faith, and reached a settlement acceptable to the Parties that constitutes a reasonable compromise of the *bona fide* disputes between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiffs by Defendants (as set forth in paragraph 2 below) of the amount of Ninety Thousand Dollars and Zero Cents ($90,000.00) (the "Settlement Amount"), to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendants as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be "employers," both individually and in their official capacities, as well as Defendants' respective parent

companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims asserted in the Action as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of unpaid compensation (including statutory, constitution, contractual, or common law claims for unpaid regular or overtime wages, unpaid spread-of-hours and split-shift pay, call-in pay, uniform expenses, uniform reimbursement, improper wage statements, improper rate of pay notices, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, and/or statutory penalties), or civil penalties purportedly owed to Plaintiffs under the FLSA, NYLL, New York Wage Theft Prevention Act, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiffs, their respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release.

2. Payment of the Settlement Amount shall be apportioned amongst Defendants as follows:

a. Titan, Mercado, and J. Garcia shall be jointly and severally responsible for paying the total sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) on behalf of itself, Mercado, and J. Garcia (the "Titan Portion"); and

b. Vivi and Garcia shall be jointly and severally responsible for paying the total sum of Seventy Thousand Dollars and Zero Cents ($70,000.00) on behalf of itself and Garcia (the "Vivi Portion").

3. Provided that: (1) each Plaintiff executes this Agreement; (2) Defendants' counsels receive: (i) this Agreement, fully executed and signed by each Plaintiff before a notary; (ii) an IRS W-9 form executed by Plaintiffs (see Paragraph 4); (iii) an IRS W-9 form executed by Plaintiffs' counsel (see Paragraph 4); (iv) the Stipulation of Dismissal, in the form attached as "Exhibit A," executed by Plaintiffs' counsel; and (v) the Court approves this settlement and endorses the Stipulation of Dismissal, the Settlement Amount shall be paid as follows:

a. By September 30, 2019, provided that all completed IRS W-9 forms are delivered to Defendants' counsel by September 15, 2019, and assuming all of the aforementioned conditions are satisfied, Defendants shall make a payment of Forty Thousand Dollars and Zero Cents ($40,000.00), which reflects the Titan Portion and the first installment payment of the Vivi Portion (the "Initial Payment"), without withholdings and/or any other deduction, which shall be allocated as follows:

i. Fifteen (15) separate checks from, or on behalf of, Titan, Mercado, and J. Garcia, in the total amount of the Titan Portion. The Titan Portion shall be allocated among Plaintiffs and Plaintiffs' counsel as follows:

| Payee | Payment Amount |
|---|---|
| Carlos Guajardo | $533.00 |
| Harold Manuel Baez | $232.00 |
| Lenny Villao | $889.00 |

| | |
|---|---|
| Prudencio Castillo | $533.00 |
| Stevan Villalba | $356.00 |
| Wilson Radhames Diaz | $1,167.00 |
| Senen Mora | $356.00 |
| Billy Buitrago | $1,167.00 |
| Reynaldo Hernandez | $1,000.00 |
| Nilton Gonzales | $356.00 |
| Rogelio Ramirez | $533.00 |
| Milton Mora | $1,378.00 |
| Daniel Erasto Martinez | $232.00 |
| Eugenio Gonzalez | $4,444.00 |
| Helen F. Dalton & Associates | $6,824.00 |
| **Total Payments** | $20,000.000 |

ii.    Fifteen (15) separate checks from, or on behalf of Vivi and Garcia, made payable to

Plaintiffs and Plaintiffs' counsel in the total amount of Twenty Thousand Dollars and

Zero Cents ($20,000.00). Such payments shall be allocated among Plaintiffs and

Plaintiffs' counsel as follows:

| Payee | Payment Amount |
|---|---|
| Carlos Guajardo | $533.00 |
| Harold Manuel Baez | $232.00 |
| Lenny Villao | $889.00 |
| Prudencio Castillo | $533.00 |
| Stevan Villalba | $356.00 |

| | |
|---|---|
| Wilson Radhames Diaz | $1,167.00 |
| Senen Mora | $356.00 |
| Billy Buitrago | $1,167.00 |
| Reynaldo Hernandez | $1,000.00 |
| Nilton Gonzales | $356.00 |
| Rogelio Ramirez | $533.00 |
| Milton Mora | $1,378.00 |
| Daniel Erasto Martinez | $232.00 |
| Eugenio Gonzalez | $4,444.00 |
| Helen F. Dalton & Associates | $6,824.00 |
| **Total Payments** | $20,000.000 |

b.  On October 30, 2019, and continuing on a monthly basis (every thirty days following the due-date of the Initial Payment) for an additional nine (9) consecutive months Vivi and Garcia shall pay the balance of the Vivi Portion ($50,000) in nine (9) installment payments without set off and/or deduction (the "Installment Payments"). The first eight (8) Installment Payments shall be in the total sum of $5,500, and the last Installment Payment shall be in the total sum of $6,000. The Installment Payments shall be allocated among Plaintiffs and Plaintiffs' counsel as follows:

| Payee | First Eight Installment Payments of $5,500 | Last Installment Payment of $6,000 |
|---|---|---|
| Carlos Guajardo | $146.50 | $160.00 |
| Harold Manuel Baez | $63.75 | $69.00 |

| | | |
|---|---|---|
| Lenny Villao | $244.00 | $267.00 |
| Prudencio Castillo | $146.50 | $160.00 |
| Stevan Villalba | $98.00 | $107.00 |
| Wilson Radhames Diaz | $321.00 | $350.00 |
| Senen Mora | $98.00 | $107.00 |
| Billy Buitrago | $321.00 | $350.00 |
| Reynaldo Hernandez | $275.00 | $300.00 |
| Nilton Gonzales | $98.00 | $107.00 |
| Rogelio Ramirez | $146.50 | $160.00 |
| Milton Mora | $379.00 | $413.00 |
| Daniel Erasto Martinez | $63.75 | $69.00 |
| Eugenio Gonzalez | $1,222.00 | $1,333.00 |
| Helen F. Dalton & Associates | $1,877.00 | $2,048.00 |
| **Total Payments** | $5,500.00 | $6,000 |

c. In the event that the Settlement Agreement is not approved by The Court prior to September 30, 2019, Defendants shall either deliver the settlement checks that come due to Plaintiffs' counsel to be held in escrow until all of the conditions set forth in 3 are met, or deliver said checks to their respective counsel who will hold their clients settlement checks, in escrow and send copies of the checks to Plaintiffs' counsel via electronic mail at avshalumovr@yahoo.com and jamespodonnell86@gmail.com as proof of their issuance. In the event that Defendants elect to deliver checks to their counsel to be held in escrow, within five (5) days of Court approval of this Settlement

Agreement, Defendants counsel shall deliver the checks held in escrow for payments that have previously come due to Plaintiffs' counsel.

4. Notwithstanding the payment provisions outlined in Paragraph 3 above, the corresponding allocations of the Settlement Amount shall not be paid to any Plaintiff who does not deliver a completed IRS Form W-9 to Defendants' counsel. Similarly, Plaintiffs' counsel shall not receive any payment under this agreement unless he delivers a completed IRS Form W-9 to Defendants' counsel. The failure of one Plaintiff (or Plaintiffs' counsel) to deliver a completed IRS Form W-9 to Defendants' counsel shall not delay payment to any other payee who has appropriately delivered a completed IRS Form W-9.

5. Provided that all of the conditions set forth in Paragraph 3 are met, the Initial Portion and the Installment Payments shall be delivered in separate checks indicated in subparagraphs 3(a)-3(b), and shall be delivered, when each becomes due, to Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415. Counsels for Defendants shall hold all settlement checks in escrow until the conditions set forth in Paragraph 3 are met.

6. In consideration of the foregoing, Titan, Mercado, and J. Garcia (the "Titan Defendants"), including their heirs, executors, assigns, directors, administrators, officers, shareholders, owners, and agents, as well as their respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, release and forever discharge Vivi and Garcia (the "Vivi Defendants") as well as their heirs, executors, administrators, agents, successors, and assigns, from any and all known and unknown claims, complaints, causes of action, cross-claims,

lawsuits, demands, attorneys' fees, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which the Titan Defendants, and as applicable, their agents, successors, and assigns, as well as their owners, directors, officers, shareholders, executors and assigns, parent companies, predecessors, and subsidiaries, have, had, or hereafter can have against the Vivi Defendants, from the beginning of time to the date of this Agreement.

7. In consideration of the foregoing and Titan Defendants' release, the Vivi Defendants, including their heirs, executors, assigns, directors, administrators, officers, shareholders, owners, and agents, as well as its respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, release and forever discharge the Titan Defendants as well as their heirs, executors, administrators, agents, successors, and assigns, from any and all known and unknown claims, complaints, causes of action, cross-claims, lawsuits, demands, attorneys' fees, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which the Vivi Defendants, and as applicable, their agents, successors, and assigns, as well as their owners, directors, officers, shareholders, executors and assigns, parent companies, predecessors, and subsidiaries, have, had, or hereafter can have against the Titan Defendants, including, but not limited to, the cross-claims set forth in Vivi's Answer filed in the Action on June 19, 2019 (Docket No. 32) from the beginning of time to the date of this Agreement.

8. Defendants may issue an IRS form 1099 to Plaintiffs and Plaintiffs' counsel reflecting the amounts paid pursuant to Paragraph 3, at the appropriate time.  Plaintiffs agree to hold Releasees harmless, and indemnify Releasees from any payments Releasees may

be required to make to any taxing authority resulting from the payment of the Settlement Amount, the issuance of a form 1099, or as a result of Plaintiffs' failure to pay any taxes related to said income.

9. Titan Defendants' failure to pay the Titan Portion shall not constitute a breach of this Agreement by the Vivi Defendants, or a default of any of their obligations herein. Likewise, Vivi Defendants' failure to pay the Vivi Portion shall not constitute a breach of this Agreement by the Titan Defendants, or a default of any of their obligations herein.

10. Further, the release given by Plaintiffs herein shall become fully effective and binding upon the Court's approval of this settlement and endorsement of the Stipulation of Dismissal.

11. Concurrently with the execution of this Agreement, the Vivi Defendants shall each execute an Affidavit of Confession of Judgment in the forms attached hereto as Exhibit B.  Vivi's counsel shall provide Plaintiffs' counsel with said executed Affidavit of Confession of Judgment.  The Affidavit of Confession of Judgment will be held in escrow by Plaintiffs' counsel.   In the event the Vivi Defendants  are in default of any of the payments they are required to make pursuant to Paragraphs 3 and its subparagraphs of this Agreement, Plaintiffs' counsel shall provide fourteen (14) calendar days' written notice to Vivi's counsel via email to asolomon@kdvlaw.com and jsanchez@kdvlaw.com of Plaintiffs' intent to file the Affidavits of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against Vivi and Garcia, jointly and severally, declaring the sum of $140,000.00 immediately due and payable,  less any

payments already made by Vivi pursuant to this Agreement. Vivi will have fourteen (14) calendar days to remedy its default before Plaintiffs file the Affidavits of Confession of Judgment. Upon Vivi's complete satisfaction of all of the payments required pursuant to Paragraph 3 and its subparagraphs of this Agreement, Plaintiffs' counsel will return the Affidavit of Confession of Judgment to Vivi's counsel. Vivi and Garcia consent to jurisdiction of the United States District Court, Southern District of New York, and the New York County Supreme Court, for purposes of filing and enforcing the Affidavit of Confession of Judgment and/or for any and all purposes relating to the enforcement of this Agreement and/or any judgment entered in connection with this Agreement.

12. Without limiting the foregoing, should any check issued by Vivi bounce or be dishonored, all subsequent checks issued by Vivi under this Agreement shall be certified checks.

13. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendants and Releasees, both individually and in their/its official capacities, that concern violations or allegations of unpaid compensation (including minimum wage, late payment, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiffs under the FLSA, the NYLL, or any other law, regulation, or ordinance regulating the payment of wages. In the event any such complaints, charges, lawsuits,

claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiffs, Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should Plaintiffs (or any Plaintiff) file a charge against Defendants, asserting any claim released herein, with any agency, or cooperate with an investigation with any agency, Plaintiffs acknowledge that this Agreement shall bar them from receiving monetary compensation in connection therewith.

14. Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement. Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

15. Plaintiffs acknowledge that, upon payment by Defendants of all the sums payable under this Agreement, they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonuses or commissions.

16. Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Defendants or Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding

against Defendants or Releasees for any purpose, unless required by law. Provided, however, that this paragraph shall not limit, obstruct or otherwise impede Plaintiffs from enforcing this Agreement.

17. The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, the prevailing party will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief, subject to the approval of the Court. In that event, the non-breaching party will be entitled to an injunction, subject to the approval of the Court, with no posting requirement. The breaching party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

18. Plaintiffs acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Defendants that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

19. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

20. Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a

remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs on Plaintiffs' behalf.

21. Plaintiffs and Defendants are competent to enter into this Agreement. Plaintiffs and Defendants are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiffs and Defendants are not a party (or parties) to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle all claims, and to release any claims to the extent any such release is given herein, both known and unknown, pursuant to this Agreement and/or to fulfill their obligations hereunder.

22. All parties confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants and/or Plaintiffs to execute this Agreement.

23. This Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Action and the release of Plaintiffs' claims contained herein.

24. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit A."

25. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect. As the Parties understand that this Agreement must be judicially approved by the Court, and as the Parties recognize the binding nature of

their agreement to resolve the Action, should the Court decline to approve this Agreement, the Parties agree to revise and re-submit this Agreement to the Court to achieve judicial approval of same.

26. This Agreement may only be modified, altered or changed in writing, signed by the Parties and approved by the Court.

27. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The United States District Court for the Southern District of New York shall retain jurisdiction to enforce this Agreement.

28. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for the Vivi Defendants, Aaron N. Solomon, Esq. and Jaime Sanchez, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101; asolomon@kdvlaw.com and jsanchez@kdvlaw.com; counsel for the Titan Defendants, Glenn Grindlinger, Esq. and Bryn Goodman, Esq., Fox Rothschild LLP, 101 Park Avenue, New York, New York 10178; (212) 905-2305; facsimile (212) 692-0940; ggrindlinger@foxrothschild.com and bgoodman@foxrothschild.com, and

counsel for Plaintiffs, James O'Donnell, Esq., Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415, (718) 263-9591; jamespodonnell86@gmail.com.

29. Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiffs further represent that they have been provided the opportunity to review this Agreement. Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
ERIC MERCADO

_____
JUAN GARCIA INCORRECTLY SUED AS JOSE

GARCIA

_____
TITAN CONSTRUCTION SERVICES LLC
By:    JUAN GARCIA
Title:    PARTNER

_____
VIVI NY CORP.
By:
Title:

_____
ABIMAEL GARCIA

counsel for Plaintiffs, James O'Donnell, Esq., Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415, (718) 263-9591; jamespodonnell86@gmail.com.

29. Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiffs further represent that they have been provided the opportunity to review this Agreement. Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
ERIC MERCADO

_____
JUAN GARCIA INCORRECTLY SUED AS JOSE

GARCIA

_____
TITAN CONSTRUCTION SERVICES LLC
By:
Title:

_____
VIVI NY CORP.
By: ABIMAEL Garcia
Title: Manager

_____
ABIMAEL GARCIA        9/27/19

Matthew

MATTHEW J RAU
Notary Public · State of New York
NO. 01RA6393487
Qualified in Rockland County
My Commission Expires Jun 17, 2023

Only Notarized Abimael Garci

**[INTENTIONALLY LEFT BLANK]**

_____
CARLOS GUAJARDO


STATE OF NEW YORK          }
                           }S.S.
COUNTY OF _Queens_         }

On _September 12_ , 2019, before me personally came CARLOS

GUAJARDO, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_Harold Baez_
HAROLD MANUEL BAEZ

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF _Queens_       }

On _September 12_, 2019, before me personally came HAROLD

MANUEL BAEZ, to me known, and known to me to be the individual described in, and

who executed the foregoing Settlement Agreement and Release, and duly acknowledged

to me that he executed the same.

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_Lenny Villao_

LENNY VILLAO


STATE OF NEW YORK            }
                            }S.S.
COUNTY OF ___Queens___      }

On ___October 25___ , 2019, before me personally came LENNY

VILLAO**,** to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_Prudencio S Castillo._
PRUDENCIO CASTILLO

STATE OF NEW YORK        }
                        }S.S.
COUNTY OF _Queens_      }

On _September 13_, 2019, before me personally came PRUDENCIO

CASTILLO, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

STEVAN VILLALBA

STATE OF NEW YORK        }
                        }S.S.
COUNTY OF _Queens_       }

On _September 12_, 2019, before me personally came STEVAN

VILLALBA, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

Leah Janash
Notary Public, State of New York
NO. NY/JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_____
WILSON RADHAMES DIAZ


STATE OF NEW YORK          }
                           }S.S.
COUNTY OF _Queens_____     }

On _September 12_, 2019, before me personally came WILSON

RADHAMES DIAZ, to me known, and known to me to be the individual described in,

and who executed the foregoing Settlement Agreement and Release, and duly

acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_____

SENEN MORA

STATE OF NEW YORK          }
                          }S.S.
COUNTY OF _Queens_     }

On _September  12_ , 2019, before me personally came SENEN

MORA, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

_____

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

_Billy Buitrago_
BILLY BUITRAGO

STATE OF NEW YORK        }
                        }S.S.
COUNTY OF _Queens_      }

On _September 12_, 2019, before me personally came BILLY BUITRAGO,

to me known, and known to me to be the individual described in, and who executed the

foregoing Settlement Agreement and Release, and duly acknowledged to me that he

executed the same.

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_____
REYNALDO HERNANDEZ


STATE OF NEW YORK            }
                             }S.S.
COUNTY OF _Queens_           }

On _September 12_, 2019, before me personally came REYNALDO

HERNANDEZ, to me known, and known to me to be the individual described in, and

who executed the foregoing Settlement Agreement and Release, and duly acknowledged

to me that he executed the same.

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_Nilton Gonzales_

NILTON GONZALES


STATE OF NEW YORK          }
                          }S.S.
COUNTY OF _Queens_        }

On _September 12_, 2019, before me personally came NILTON

GONZALES, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

_Leah Janash_

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

ROGELIO RAMIREZ

STATE OF NEW YORK          }
                          }S.S.
COUNTY OF _Queens_        }

On _September 12_, 2019, before me personally came ROGELIO

RAMIREZ, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

_____
MILTON MORA


STATE OF NEW YORK          }
                          }S.S.
COUNTY OF _Queens_        }

    On _September 12_, 2019, before me personally came MILTON MORA to

me known, and known to me to be the individual described in, and who executed the

foregoing Settlement Agreement and Release, and duly acknowledged to me that he

executed the same.

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

_____

DANIEL ERASTO MARTINEZ

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF _Queens_       }

On _September 25_, 2019, before me personally came DANIEL ERASTO

MARTINEZ, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

_____

NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20___

_Eugenio Gonzalez_
EUGENIO GONZALEZ


STATE OF NEW YORK          }
                          }S.S.
COUNTY OF _Queens_        }

On _September 12_, 2019, before me personally came EUGENIO

GONZALEZ, to me known, and known to me to be the individual described in, and who

executed the foregoing Settlement Agreement and Release, and duly acknowledged to me

that he executed the same.

_Leah Janash_
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CARLOS GUAJARDO, HAROLD MANUEL BAEZ, LENNY VILLAO, PRUDENCIO CASTILLO, STEVAN VILLALBA, WILSON RADHAMES DIAZ, SENEN MORA, BILLY BUITRAGO, REYNALDO HERNANDEZ, NILTON GONZALES, ROGERIO RAMIREZ, MILTON MORA, DANIEL ERASTO MARTINEZ, and EUGENIO GONZALEZ, individually and on behalf of all others similarly situated,

Case No.:  19 Civ. 1551 (GHW)

**STIPULATION OF DISMISSAL**

Plaintiffs,

-against-

TITAN CONSTRUCTION SERVICES LLC, VIVI NY CORP., and ERIC MERCADO, JOSE GARCIA and ABIMAEL GARCIA, as individuals,

Defendants.

-------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and

**IT IS FURTHER STIPULATED AND AGREED THAT** that Plaintiffs Carlos Guajardo ("Guajardo"), Harold Manuel Baez ("Baez"), Lenny Villao ("Villao"), Prudencio Castillo ("Castillo"), Stevan Villalba ("Villalba"), Wilson Radhames Diaz ("Diaz"), Senen Mora ("S. Mora"), Billy Buitrago ("Buitrago"), Reynaldo Hernandez ("Hernandez"), Nilton Gonzales ("Gonzales"), Rogelio Ramirez ("Ramirez"), Milton Mora ("M. Mora"), Daniel Erasto Martinez ("Martinez"), and Eugenio Gonzalez ("Gonzalez") are precluded from bringing any further claims under the Fair Labor Standards Act, the New York Labor Law, or any OTHER federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiffs' Complaint. This Court shall retain jurisdiction to enforce the Parties' Settlement and Release Agreement.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: October 4, 2019

Dated October 4, 2019

Kaufman Dolowich & Voluck, LLP
*Attorneys for Defendants*
*Vivi NY Corp. and Abimael Garcia*

Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiffs*

By: Aaron N. Solomon, Esq.
135 Crossways Park Drive, Ste. 201
Woodbury, New York 11797
(516) 681-1100

By: James P. O'Donnell, Esq.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
(718) 263-9591

Dated: _____, 2019

Dated _____, 2019

Fox Rothschild LLP
*Attorneys for Defendants*
*Titan Construction Services LLC*
*Eric Mercado*
*Juan Garcia, incorrectly sued as Jose Garcia*

9/18/2019

By:  Glenn S. Grindlinger, Esq.
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900

SO-ORDERED

_____

Hon. U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARLOS GUAJARDO, HAROLD MANUEL
BAEZ, LENNY VILLAO, PRUDENCIO
CASTILLO, STEVAN VILLALBA, WILSON
RADHAMES DIAZ, SENEN MORA, BILLY
BUITRAGO, REYNALDO HERNANDEZ,
NILTON GONZALES, ROGERIO RAMIREZ,
MILTON MORA, DANIEL ERASTO
MARTINEZ, and EUGENIO GONZALEZ,
individually and on behalf of all others similarly
situated,

Case No.: 19 Civ. 1551 (GHW)

Plaintiffs,

-against-

TITAN CONSTRUCTION SERVICES LLC, VIVI
NY CORP., and ERIC MERCADO, JOSE
GARCIA and ABIMAEL GARCIA, as individuals,

Defendants.

------------------------------------------------------------X

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK        )
                         )   ss.:
COUNTY OF Rockland       )

Abimael Garcia being duly sworn, deposes and says:

1. I am a principal of Defendant Vivi NY Corp. (the "Corporate Defendant").

2. I am duly authorized to make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a

judgment by confession against myself and the Corporate Defendant in the above-captioned action.

3. This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed is justly due are set forth below.

4. I execute this Confession of Judgment:

   (a) on behalf of the Corporate Defendant, located at 22 Rock Drive, Valley Cottage, New York 10989; and

   (b) on my own behalf, individually. My business address is 22 Rock Drive, Valley Cottage, New York 10989, and the address of my residence is: 22 Rock Drive, Valley cottage, New York 10989.

5. This confession of judgment is for a debt justly due to plaintiffs relating to past-due amounts owed to plaintiffs by defendants in settlement of plaintiffs' claims for wages, including overtime compensation under the Fair Labor Standards Act and New York Labor Law.

6. The Corporate Defendant and I hereby confess judgment herein, and authorize the entry thereof in favor of Plaintiffs, in the amount of $140,000, less any payment made to the Plaintiffs by and/or on behalf of the Corporate Defendant and/or myself pursuant to the Settlement Agreement (the "Agreement") between the parties dated September 27, 2019.

7. The Corporate Defendant and I hereby consent to the jurisdiction of the United States District Court, Southern District of New York., as well as the New York Supreme Court and/or any other court of competent jurisdiction.

8. This Confession of Judgment is not for the purpose of securing the plaintiffs against a contingent liability.

9. The Corporate Defendant and I hereby waive all procedural and substantive defenses that we may possess with regard to plaintiffs' claim for the amount of $140,000, less any payment made to the Plaintiffs by and/or on behalf of the Corporate Defendant and/or myself pursuant to the Settlement Agreement (the "Agreement") between the parties dated September 27, 2019.

10. The Corporate Defendant and I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:    _Rockland_, New York
          _September 27th_, 2019

ABIMAEL GARCIA

22 Rock Dr
Valley cottage,
109

STATE OF NEW YORK    }
                     }S.S.
COUNTY OF _Rockland_ }

MATTHEW J RAU
Notary Public - State of New York
NO. 01RA6393487
Qualified in Rockland County
My Commission Expires Jun 17, 2023

On _September 27th_, 2019, before me personally came Abimael Garcia, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

VIVI NY CORP.
By: _ABIMAEL Garcia_
Title: _Manager_

22 Rock Dr.
Valley Collage, NY
10989

STATE OF NEW YORK    }
                     }S.S.
COUNTY OF _Rockland_ }

MATTHEW J RAU
Notary Public - State of New York
NO. 01RA6393487
Qualified in Rockland County
My Commission Expires Jun 17, 2023

On _September 27th_, 2019, before me personally came Abimael Garcia and acknowledged himself or herself to be an officer of Vivi NY Corp., and that he, as such, being authorized so to do, executed the foregoing Affidavit for Judgment by Confession for the purposes therein contained, by signing his name for Vivi NY Corp.

_____
NOTARY PUBLIC