**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
CARLOS GUAJARDO, et al.,                    :
                                            :
               Plaintiffs,      :      19-CV-1551 (OTW)
                                            :
             -against-               :      **OPINION & ORDER**
                                            :
TITAN CONSTRUCTION SERVICES LLC, et al.,    :
                                            :
             Defendants.      :
                                            :
                                            :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiffs Carlos Guajardo ("Guajardo"), Harold Manuel Baez ("Baez"), Lenny Villao ("Villao"), Prudencio Castillo ("Castillo"), Stevan Villalba ("Villalba"), Wilson Radhames Diaz ("Diaz"), Senen Mora ("S. Mora"), Billy Buitrago ("Buitrago"), Reynaldo Hernandez ("Hernandez"), Nilton Gonzalez ("N. Gonzalez"), Rogelio Ramirez ("Ramirez"), Milton Mora ("M. Mora"), Daniel Erasto Martinez ("Martinez"), and Eugenio Gonzalez ("E. Gonzalez") (collectively "Plaintiffs") bring this action against Titan Construction Services LLC ("Titan"), Eric Mercado ("Mercado"), Jose Garcia ("J. Garcia"), Abimael Garcia ("A. Garcia"), and Vivi NY Corporation ("Vivi") (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs have alleged failure to pay overtime at the statutory rate, unpaid overtime, unpaid wages, failure to pay minimum wages, violation of notice and record keeping requirements, and failure to provide wage statements. (ECF 16 ¶¶ 218-56). Plaintiffs and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.

1

2015).¹ All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 47). For the reasons below, the Court **APPROVES** the request to approve the settlement agreement.

I.   **Background**

The fourteen plaintiffs were employed by Defendants as roofers, demolition workers, painters, and general laborers at various points from May 2018 to August 2018. (ECF 16 ¶¶ 3-16, 91, 99, 107, 115, 123, 131, 139, 147, 155, 163, 171, 179, 187, 195). They each make similar allegations that they routinely worked 45 or more hours per week at various rates of pay – for some a daily rate and for others an hourly rate – but that they were either not adequately compensated in accordance with the law, or in some cases not compensated at all. (*See id*. ¶¶ 90-217). Further, they allege that Defendants failed to post minimum and overtime wage notices are required by the FLSA and NYLL. (*Id*. ¶¶ 203-204).

Plaintiffs filed their original complaint on February 19, 2019 and an amended complaint on April 16, 2019. (ECF 1; ECF 16). Although the amended complaint indicated that Plaintiffs intended to convert the matter to a collective action, the parties reached their settlement before the filing of any conditional certification motion.

II.  **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable

---

¹ Plaintiffs' counsel stated they were unable to reach Villao in order to obtain his signature for the settlement agreement submitted on October 4, 2019. (ECF 53). Thus, they had submitted an addendum to the agreement in the event Villao did not execute the agreement by November 15, 2019. (*Id*.; *see also* ECF 53-2). Counsel was able to obtain his signature and submitted supplemental documents on October 29, 2019. (ECF 54). Accordingly, the Court will disregard the addendum submitted on October 4, 2019.

federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiffs allege a recovery against Defendants under FLSA and NYLL to be approximately $267,000. (ECF 53 at 3). The proposed settlement amount is $90,000. (*Id*.) Of the total settlement amount, Plaintiffs would receive $59,286 and Plaintiff's counsel would then take $30,714 in fees and costs. (*Id*. at 3-4). The Plaintiffs' settlement amount thus represents approximately 22% of Plaintiff's alleged damages.[2] Each plaintiff would receive an amount commensurate with his individualized damages calculation. (*Id*.) Given the risks of litigation as

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. See, e.g., *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 53 at 1-3). Titan denies liability because, as the general contractor, they contend they were not Plaintiffs' employer under the law. (*Id*. at 2). Vivi contends that each plaintiff was properly compensated and that records show some of the plaintiffs did not work for it at all. (*Id*. at 3). Vivi also alleges Titan was the Plaintiffs' actual employer. (*Id*.)

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of extensive negotiations, including the use of a mediator through the court-annexed mediation program, and there is no evidence to the contrary. (*Id*. at 1, 3).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiffs ceased employment with Defendants prior to the start of this litigation, diminishing potential concern that Plaintiffs may have been coerced into the settlement by their employer. (ECF 16 ¶¶ 3-16).

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16,

2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fees and costs award of $30,714 is reasonable and represents approximately 34% of the total award. This number is comprised of $1,070 for expenses and one-third of the total settlement after expenses are deducted. (ECF 53 at 4). This is consistent with fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.").

### III.  Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement

agreement as fair and reasonable. It is **HEREBY ORDERED** that the action is dismissed with prejudice. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

Dated: April 21, 2020
      New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge